# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES DEPARTMENT OF LABOR, | |
| Plaintiff, | |
| vs. | Case No. 07-CV-77-TCK-FHM |
| CHARLES DALTON, | |
| Intervenor, | |
| vs. | |
| COPART, INC, | |
| Defendant. | |

## OPINION AND ORDER

This case was filed by the Secretary of Labor under 42 U.S.C. § 311105(e) seeking enforcement of a Final Decision and Order issued by the Administrative Review Board(ARB). In November 2007, at a scheduling conference, the undersigned accepted the assertions made by counsel for Defendant that it was necessary to conduct discovery into the question of the efforts Intervenor Charles Dalton took to mitigate his damages. In April 2008, before the parties had conducted the discovery, the Court granted Defendant's Unopposed Motion for Stay of Proceedings, [Dkt. 37], because Intervenor Charles Dalton had been involved in a serious automobile accident which rendered him unable to give deposition testimony. [Dkt. 36]. A Joint Status Report was filed April 15, 2009, in which the parties advised that Mr. Dalton remains unable to give deposition testimony. [Dkt. 39].

The Secretary of Labor, United States Department of Labor filed its Motion for Summary Judgment on May 12, 2009. A status conference was held before the

undersigned on March 18, 2009, during which Defendant asked that the stay be continued until the deposition of Mr. Dalton could be taken. The matter was taken under advisement.

Based on a review of the Motion for Summary Judgment, attachments, the other materials filed in this case, and legal research, the undersigned concludes that it is not unreasonable to require Defendant to respond to the pending Motion for Summary Judgment without taking the deposition of Mr. Dalton and without conducting further discovery.

The final order sought to be enforced in this action was issued by the Administrative Review Board (ARB) of the United States Department of Labor under 42 U.S.C. § 31105. Section 31105 provides that an employee may not be discharged for filing a complaint or proceeding concerning violations of commercial motor safety regulations or for refusing to operate a vehicle under certain conditions. The Secretary of Labor is granted authority to issue orders, including back pay. In the June 30, 2005 Order under consideration in this case, Defendant Copart was ordered to:

> 1. Reinstate Charles Dalton to his previous position as driver, with the same pay schedule, health, welfare and pension benefits as of the date of termination;
>
> 2. Pay Charles Dalton back pay in the amount of $531 per week beginning at the date of termination, March 4, 1999, until the date of reinstatement, or the date of a bona fide offer of reinstatement if Dalton declines reinstatement;
>
> 3. Pay Charles Dalton interest on the back pay beginning on March 4, 1999 . . .

[Dkt. 42-2, p. 8]. Before the Order was entered on June 30, 2005, Copart had, by letter dated July 16, 2004, offered to reinstate Charles Dalton at its Detroit, Michigan facility. However, the letter also advised that Copart would be ceasing trucking operations at that

facility at the end of July. [Dkt. 42-2,]. The Secretary of Labor is seeking to enforce the Order for back pay from the date of termination specified in the ARB Order to July 31, 2004, the day after Copart terminated its last driver. [Dkt. 42, p. 4].

The action before this Court is not an appeal of the merits of the ARB Order. Under 42 U.S.C. § 31105(d), if Copart felt it was aggrieved by the merits of the June 30, 2005, ARB Order it was required to file a petition for review in the court of appeals for the appropriate circuit, not later than 60 days after the order was issued. Since this Court does not have the authority to revisit the merits of the ARB Order, and the time frame encompassing the back pay aspect of the Order ended nearly a year before the ARB Order was entered, it does not appear that discovery on the question of Mr. Dalton's efforts to mitigate his damages is necessary to enable Copart to fashion a response to the Motion for Summary Judgment, nor is it relevant to any matter properly before the Court.

Based on the foregoing, the undersigned finds that the stay should not be extended to enable Copart to take the deposition of Mr. Dalton, nor is Copart entitled to take the deposition of Mr. Dalton. Copart's response to the Motion for Summary Judgment is due on or before June 12, 2009. Plaintiff's reply brief is due on or before June 24, 2009.

SO ORDERED this 21st day of May, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE