IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES DEPARTMENT OF LABOR,<br><br>                Plaintiff,<br><br>vs.<br><br>CHARLES DALTON,<br><br>                Intervenor,<br><br>vs.<br><br>COPART, INC,<br><br>                Defendant. | Case No. 07-CV-77-TCK-FHM |

**OPINION AND ORDER**

Defendant's Motion to Strike Intervenor's Response Brief [Dkt. 47], or in the Alternative, Motion for Leave to Conduct Discovery and File a Reply to Intervenor's Response Brief [Dkt. 48] has been referred to the undersigned United States Magistrate Judge for decision.

Defendant argues that Intervenor's Brief, [Dkt. 45], filed in response to the Plaintiff's Motion for Summary Judgment should be stricken because the Opinion and Order setting the deadline for Defendant to respond to the Motion for Summary Judgment did not state that Intervenor was also entitled to file a response by that date. Defendant offers no authority to support its contention that Intervenor should be denied the opportunity to be heard in opposition to the Motion for Summary Judgment. Defendant's Motion to Strike Intervenor's Response Brief [Dkt. 47] is DENIED.

Defendant argues that in the event Intervenor's Response Brief is not stricken, Defendant should be given leave to conduct additional discovery and to file a reply to

Intervenor's response. The undersigned finds that Defendant should be permitted to file a reply to Intervenor's response, but that it is not necessary to conduct further discovery to enable Defendant to file an adequate reply.

This action seeks the enforcement of a final order issued by the Administrative Review Board (ARB) of the United States Department of Labor. In the Final Order Defendant Copart was ordered to:

> 1. Reinstate Charles Dalton to his previous position as driver, with the same pay schedule, health, welfare and pension benefits as of the date of termination;
>
> 2. Pay Charles Dalton back pay in the amount of $531 per week beginning at the date of termination, March 4, 1999, until the date of reinstatement, or the date of a bona fide offer of reinstatement if Dalton declines reinstatement;
>
> 3. Pay Charles Dalton interest on the back pay beginning on March 4, 1999 . . .

[Dkt. 42-2, p. 8].

In its Motion for Summary Judgment, the Department of Labor asserts that the back wages owed Intervenor (Dalton) under the Final Order extend from the date of termination of employment until July 31, 2004, the date that Defendant (Copart) terminated its last truck driver. Copart argues that Dalton is entitled to back pay through July 16, 2004, the date Copart argues it made an unconditional offer of reinstatement. Dalton argues that the back wages continue to accrue to the present day. In view of Dalton's assertions, Copart argues that it is necessary to conduct limited discovery regarding Dalton's ability and availability to work and his efforts to mitigate his damages from July 16, 2004, to the present. Copart also seeks to discover the background, qualifications, and methods of the accountant

whose calculations are appended to Dalton's response to the Motion for Summary Judgment.

The opportunity to conduct the proposed discovery sought by Copart is appropriately denied at this time under Fed. R. Civ. P. 26(b)(2)(C)(iii) which permits discovery to be limited where the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. The discovery sought by Copart will not be helpful in resolving the issues in this case unless the court accepts Dalton's proposition that neither July 16, 2004, nor July 31, 2004 mark the end of the back pay required under the Administrative Review Board's Final Order. The proposed discovery does not address the question of whether there is legal authority for Dalton's position, or whether the court should adopt that position. Additionally, the undersigned is aware of the difficulties encountered so far in attempting to depose Dalton and his wife. The undersigned concludes that the burden and expense of the proposed discovery outweighs its importance in resolving the issues in this action at this time. Therefore, Defendant's Motion for Leave to Conduct Discovery is DENIED.

In the event the court accepts Dalton's position in resolving the Motion for Summary Judgment, the proposed discovery will become relevant. Should that occur, a deadline for conducting the proposed discovery will be entered upon application.

Defendant's Motion to File a Reply to Intervenor's Response Brief is GRANTED. Defendant's Reply to Intervenor's Response Brief is due on or before September 14, 2009.

Defendant's Motion to Strike Intervenor's Response Brief [Dkt. 47] is DENIED. Defendant's Motion for Leave to Conduct Discovery and File a Reply to Intervenor's Response Brief [Dkt. 48] is GRANTED in part and DENIED in Part.

SO ORDERED this 1st day of September, 2009.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE